℡ JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

IRMA RAMIREZ; DAREN HEATHERLY; and DREES

## DEFENDANTS

GOURMET GARDEN BUFFET; PETALUMA PROPERTIES, INC., a California corporation; LU YAO KAI; and ZENG HUO

**(b)** County of Residence of First Listed Plaintiff  Sonoma County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Sonoma County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Thomas E. Frankovich, APLC
2806 Van Ness Avenue, San Francisco, CA 94109
Tele: (415) 674-8600 Fax: (415) 674-9900

Attorneys (If Known)

E-filing

ORIGINAL

BZ

ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☒ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et seq.)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☐ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE
July 17, 2008   7/31/08

SIGNATURE OF ATTORNEY OF RECORD

**ORIGINAL**

THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
4328 Redwood Hwy., Suite 300
San Rafael, CA 94903
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
IRMA RAMIREZ;
DAREN HEATHERLY;
and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

FILED

AUG 1 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

BZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IRMA RAMIREZ, an individual;
DAREN HEATHERLY, an individual; and
DISABILITY RIGHTS, ENFORCEMENT,
EDUCATION, SERVICES:HELPING YOU
HELP OTHERS, a California public benefit
corporation,

              Plaintiffs,

v.

GOURMET GARDEN BUFFET;
PETALUMA PROPERTIES, INC., a
California corporation; LU YAO KAI and
ZENG HUO, individuals dba GOURMET
GARDEN BUFFET,

              Defendants.

CASE NO. CV 08 3915

Civil Rights

**COMPLAINT FOR INJUNCTIVE RELIEF
AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access
by a Public Accommodation in Violation of the
Americans with Disabilities Act of 1990 (42
U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full
and Equal Access in Violation of California
Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of
Accessible Sanitary Facilities in Violation of
California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of
Access to Full and Equal Accommodations,
Advantages, Facilities, Privileges and/or
Services in Violation of California Civil Code
§51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY, each is an individual;
2  and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU
3  HELP OTHERS, a California public benefit corporation (hereinafter sometimes referred to as
4  "DREES"), complain of defendants PETALUMA PROPERTIES, INC., a California corporation;
5  LU YAO KAI and ZENG HUO, individuals dba GOURMET GARDEN BUFFET and allege as
6  follows:

7  **INTRODUCTION:**

8    1.    This is a civil rights action for discrimination against persons with physical
9  disabilities, of which class plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and the
10  membership of DREES are members, for failure to remove architectural barriers structural in
11  nature at defendants' GARDEN GOURMET BUFFET, a place of public accommodation,
12  thereby discriminatorily denying plaintiffs and the class of other similarly situated persons with
13  physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and
14  benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiffs seek
15  injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C.
16  §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety
17  Code §19955, *et seq.*

18    2.    Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a person
19  with physical disabilities who, on or about January 14, 2008, January 21, 2008,
20  June 25, 2008 and July 12, 2008, each was an invitee, guest, patron, customer at defendants'
21  GARDEN GOURMET BUFFET, in the City of Petaluma, California.  At said time and place,
22  defendants failed to provide proper legal access to the buffet, which is a "public accommodation"
23  and/or a "public facility" including, but not limited to parking, men's restroom and women's
24  restroom.  The denial of access was in violation of both federal and California legal
25  requirements, and plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each suffered
26  violation of their civil rights to full and equal access, and was embarrassed and humiliated.
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 100 McDowell Boulevard, in the City of Petaluma, County of Sonoma, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.    Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff IRMA RAMIREZ suffers from Post-Polio syndrome. Plaintiff DAREN HEATHERLY is afflicted with Multiple Sclerosis and a left hip replacement. Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each require the use of a wheelchair to travel about in public. Consequently, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and
2 | 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42
3 | U.S.C. §12101, *et seq.*

4 | 6. Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
5 | HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works
6 | with persons with disabilities to empower them to be independent in American society. DREES
7 | accomplishes its goals and purposes through education on disability issues, enforcement of the
8 | rights of persons with disabilities, and the provision of services to persons with disabilities, the
9 | general public, public agencies and the private business sector. DREES brings this action on
10 | behalf of its members, many of whom are persons with physical disabilities and whom have
11 | standing in their right to bring this action.

12 | 7. That members of DREES, like plaintiff IRMA RAMIREZ and plaintiff DAREN
13 | HEATHERLY, will or have been guests and invitees at the subject GARDEN GOURMET
14 | BUFFET, and that the interests of plaintiff DREES in removing architectural barriers at the
15 | subject buffet restaurant advance the purposes of DREES to assure that all public
16 | accommodations, including the subject buffet restaurant, are accessible to independent use by
17 | mobility-impaired persons. The relief sought by plaintiff DREES as alleged herein is purely
18 | statutory in nature.

19 | 8. Defendants PETALUMA PROPERTIES, INC., a California corporation; LU
20 | YAO KAI and ZENG HUO , individuals dba GOURMET GARDEN BUFFET (hereinafter
21 | alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or
22 | lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as
23 | GOURMET GARDEN BUFFET, located at/near 100 McDowell Boulevard, Petaluma,
24 | California, or of the building and/or buildings which constitute said public accommodation.

25 | 9. At all times relevant to this complaint, defendants PETALUMA PROPERTIES,
26 | INC., a California corporation; LU YAO KAI and ZENG HUO, individuals dba GOURMET
27 | GARDEN BUFFET, own and operate in joint venture the subject GOURMET GARDEN
28 | BUFFET as a public accommodation. This business is open to the general public and conducts

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  business therein.  The business is a "public accommodation" or "public facility" subject to the

2  requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955,

3  *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

4        10.    At all times relevant to this complaint, defendants PETALUMA PROPERTIES,

5  INC., a California corporation; LU YAO KAI and ZENG HUO, individuals dba GOURMET

6  GARDEN BUFFET are jointly and severally responsible to identify and remove architectural

7  barriers at the subject GOURMET GARDEN BUFFET pursuant to Code of Federal Regulations

8  title 28, section 36.201(b), which states in pertinent part:

9            **§ 36.201    General**

10               (b) *Landlord and tenant responsibilities.* Both the landlord
          who owns the building that houses a place of public
11           accommodation and the tenant who owns or operates the place of
          public accommodation are public accommodations subject to the
12           requirements of this part.  As between the parties, allocation of
          responsibility for complying with the obligations of this part may
13           be determined by lease or other contract.

14           28 CFR §36.201(b)

15  **PRELIMINARY FACTUAL ALLEGATIONS:**

16        11.    The GOURMET GARDEN BUFFET, is a restaurant, located at/near

17  100 McDowell Boulevard, Petaluma, California.  The GOURMET GARDEN BUFFET, its

18  parking, men's restroom, women's restroom, and its other facilities are each a "place of public

19  accommodation or facility" subject to the barrier removal requirements of the Americans with

20  Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone

21  "alterations, structural repairs and additions", each of which has subjected the GOURMET

22  GARDEN BUFFET and each of its facilities, its parking, men's restroom and women's restroom

23  to disability access requirements per the Americans with Disabilities Act Accessibility

24  Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

25        12.    At all times stated herein, plaintiff IRMA RAMIREZ and plaintiff DAREN

26  HEATHERLY was a member of DREES.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

13.    At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the GOURMET GARDEN BUFFET as being handicapped accessible and handicapped usable.

14.    On or about January 14, 2008, January 21, 2008, June 25, 2008 and July 12, 2008, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was an invitee and guest at the subject GOURMET GARDEN BUFFET, for purposes of having food and beverage.

15.    On or about January 14, 2008, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY pulled into the parking lot of GOURMET GARDEN BUFFET and noticed that there were not the requisite number and type of parking stall(s) for the disabled.

16.    At said time and place, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY needed to use an accessible restroom.

17.    At said time and place, plaintiff IRMA RAMIREZ went to the women's restroom, and plaintiff DAREN HEATHERLY went to the men's restroom. Both restrooms had the "old fashioned" stall(s) for the disabled:

•    Short narrow stall(s) with grab bars on each side.

18.    At said time and place, neither plaintiff IRMA RAMIREZ or plaintiff DAREN HEATHERLY could close the subject stall(s) door behind them.

19.    At said time and place, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY had to struggle, stress and strain in order to use the respective water closets in the respective restroom(s).

20.    On or about January 21, 2008, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY pulled into the parking lot of GOURMET GARDEN BUFFET and again noticed that there were not the requisite number and type of parking stall(s) for the disabled.

21.    At said time and place, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY needed to use an accessible restroom.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22.    At said time and place, plaintiff IRMA RAMIREZ went to the women's restroom, and plaintiff DAREN HEATHERLY went to the men's restroom. Both restrooms had the "old fashioned" stall(s) for the disabled:

• Short narrow stall(s) with grab bars on each side.

23.    At said time and place, neither plaintiff IRMA RAMIREZ or plaintiff DAREN HEATHERLY could close the subject stall(s) door behind them.

24.    At said time and place, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY had to struggle, stress and strain in order to use the respective water closets in the respective restroom(s).

25.    On or about May 28, 2008, plaintiff IRMA RAMIREZ wrote both the landlord and the tenant about the access issues. Plaintiff IRMA RAMIREZ never received a response.

26.    Sometime after May 28, 2008, a disabled parking stall was added to the parking lot and the "old fashioned" disabled toilet stall(s) was changed to allow the doors to swing both ways.

27.    On or about June 25, 2008, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY returned and saw that while changes were made for disabled parking, the changes did not appear to comply with Federal access standards.

28.    At said time and place, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY had a meal and then needed to use a restroom. Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY wheeled to the men's and women's restroom respectively. Neither stall(s) in the men's restroom or women's restroom were "ADAAG" compliant. The fact that the door swing was changed did not effect the usability of the stall(s). As a result, each plaintiff stressed and strained themselves while attempting to utilize the respective stall(s).

29.    On or about July 12, 2008, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY returned to the GOURMET GARDEN BUFFET. Plaintiffs encountered all of the same barriers that they experienced since their last visit on June 25, 2008.

30.    Therefore, at said time(s) and place, plaintiff IRMA RAMIREZ and plaintiff

///

1   DAREN HEATHERLY, each a person with a disability, encountered the following inaccessible

2   elements of the subject GOURMET GARDEN BUFFET which constituted architectural barriers

3   and a denial of the proper and legally-required access to a public accommodation to persons with

4   physical disabilities including, but not limited to:

5       a.   lack of the requisite type and number of disabled parking stall(s);

6       b.   lack of sufficient handicapped accessible parking signage;

7       c.   lack of (proper) disabled parking signage;

8       d.   lack of a handicapped-accessible women's public restroom;

9       e.   lack of a handicapped-accessible men's public restroom; and

10      f.   On personal knowledge, information and belief, other public facilities and
11           elements too numerous to list were improperly inaccessible for use by
             persons with physical disabilities.

12      31.   At all times stated herein, the existence of architectural barriers at defendants'

13  place of public accommodation evidenced "actual notice" of defendants' intent not to comply

14  with the Americans with Disabilities Act of 1990 either then, now or in the future.

15      32.   On or about May 28, 2008, defendant(s) were sent two (2) letters by or on behalf

16  of plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY advising of the existence of

17  architectural barriers, requesting a response within 14 days and requesting remedial measures be

18  undertaken within 90 days or an explanation of why the time limit set could not be met and/or

19  extenuating circumstances. The landlord and the tenant never responded. Said letters are attached

20  hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.

21  Defendants' failure to respond evidenced an intent not to seek or engage in an early and

22  reasonable resolution of the matter.

23      33.   At all times stated herein, defendants, and each of them, did not act as reasonable

24  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

25  removing architectural barriers that would foreseeably prevent plaintiff IRMA RAMIREZ and

26  plaintiff DAREN HEATHERLY from receiving the same goods and services as able bodied

27  people and some of which may and did pose a threat of harm and/or personal injury to people with

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  disabilities. Therefore as a legal result of defendants breach of duty to remove those barriers
2  encountered by each plaintiff, each plaintiff suffered bodily injury.

3      34.     As a legal result of defendants PETALUMA PROPERTIES, INC., a California
4  corporation; LU YAO KAI and ZENG HUO, individuals dba GOURMET GARDEN BUFFET's
5  failure to act as a reasonable and prudent public accommodation in identifying, removing or
6  creating architectural barriers, policies, practices and procedures that denied access to plaintiffs
7  and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

8      35.     As a further legal result of the actions and failure to act of defendants, and as a
9  legal result of the failure to provide proper handicapped-accessible public facilities as set forth
10  herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff
11  IRMA RAMIREZ and plaintiff DAREN HEATHERLY each suffered a loss of his civil rights and
12  his rights as a person with physical disabilities to full and equal access to public facilities, and
13  further suffered bodily injury on or about January 14, 2008, January 21, 2008 and June 25, 2008
14  including but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or
15  transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a
16  legal result of defendants negligence in the design, construction and maintenance of the existing
17  disabled restroom stalls(s), plaintiffs suffered continuous, repetitive and cumulative trauma to
18  his/her right/left upper extremities while attempting to use the respective stall(s) in the men's and
19  women's restroom.

20      36.     Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY suffered
21  emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not
22  limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and
23  naturally associated with a person with physical disabilities being denied access, all to his
24  damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is
25  being made for mental and emotional distress over and above that usually associated with the
26  discrimination and physical injuries claimed, and no expert testimony regarding this usual mental
27  and emotional distress will be presented at trial in support of the claim for damages.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    37.   Defendants', and each of their, failure to remove the architectural barriers
2  complained of herein created, at the time of plaintiff IRMA RAMIREZ's and plaintiff DAREN
3  HEATHERLY's first visit to said public accommodation, and continues to create continuous and
4  repeated exposure to substantially the same general harmful conditions which caused plaintiff
5  IRMA RAMIREZ and plaintiff DAREN HEATHERLY harm as stated herein.

6    38.   Plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and the membership
7  of DREES were denied their rights to equal access to a public facility by defendants PETALUMA
8  PROPERTIES, INC., a California corporation; LU YAO KAI and ZENG HUO, individuals dba
9  GOURMET GARDEN BUFFET, because defendants PETALUMA PROPERTIES, INC., a
10  California corporation; LU YAO KAI and ZENG HUO, individuals dba GOURMET GARDEN
11  BUFFET maintained a restaurant without access for persons with physical disabilities to its
12  facilities, including but not limited to the parking, men's restroom, women's restroom , and other
13  public areas as stated herein, and continue to the date of filing this complaint to deny equal access
14  to plaintiffs and other persons with physical disabilities in these and other ways.

15    39.   On information and belief, construction alterations carried out by defendants have
16  also triggered access requirements under both California law and the Americans with Disabilities
17  Act of 1990.

18    40.   Plaintiffs, as described hereinbelow, seek injunctive relief to require the
19  GOURMET GARDEN BUFFET to be made accessible to meet the requirements of both
20  California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so
21  long as defendants operate the buffet restaurant as a public facility.

22    41.   Plaintiffs seek damages for violation of their civil rights on
23  January 14, 2008, January 21, 2008, June 25, 2008 and July 12, 2008, and they seek statutory
24  damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to
25  Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury) determines was
26  the date that some or all remedial work should have been completed under the standard that the
27  landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was
28  readily achievable to do so, which deterred plaintiff IRMA RAMIREZ and plaintiff

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1  DAREN HEATHERLY from returning to the subject public accommodation because of his/her
2  knowledge and/or belief that neither some or all architectural barriers had been removed and that
3  said premises remains inaccessible to persons with disabilities whether a wheelchair user or
4  otherwise.

5      42.    On information and belief, defendants have been negligent in their affirmative duty
6  to identify the architectural barriers complained of herein and negligent in the removal of some or
7  all of said barriers.

8      43.    Because of defendants' violations, plaintiffs and other persons with physical
9  disabilities are unable to use public facilities such as those owned and operated by defendants on a
10 "full and equal" basis unless such facility is in compliance with the provisions of the Americans
11 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
12 other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling
13 defendants to make the GOURMET GARDEN BUFFET accessible to persons with disabilities.

14     44.    On information and belief, defendants have intentionally undertaken to modify and
15 alter existing building(s), and have failed to make them comply with accessibility requirements
16 under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each
17 of them, in failing to provide the required accessible public facilities at the time of plaintiffs' visit
18 and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried
19 out by defendants, and each of them, with a willful and conscious disregard for the rights and
20 safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as
21 provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
22 defendants, and each of them, to other operators of other restaurant and other public facilities, and
23 to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

24     45.    Plaintiffs are informed and believe and therefore allege that defendants
25 PETALUMA PROPERTIES, INC., a California corporation; LU YAO KAI and ZENG HUO,
26 individuals dba GOURMET GARDEN BUFFET, and each of them, caused the subject
27 building(s) which constitute the GOURMET GARDEN BUFFET to be constructed, altered and
28 maintained in such a manner that persons with physical disabilities were denied full and equal

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  access to, within and throughout said building(s) of the buffet restaurant and were denied full and
2  equal use of said public facilities.  Furthermore, on information and belief, defendants have
3  continued to maintain and operate said buffet restaurant and/or its building(s) in such conditions
4  up to the present time, despite actual and constructive notice to such defendants that the
5  configuration of the GOURMET GARDEN BUFFET and/or its building(s) is in violation of the
6  civil rights of persons with physical disabilities, such as plaintiff IRMA RAMIREZ, plaintiff
7  DAREN HEATHERLY, the membership of plaintiff DREES and the disability community which
8  DREES serves.  Such construction, modification, ownership, operation, maintenance and
9  practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and
10 Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

11      46.     On personal knowledge, information and belief, the basis of defendants' actual and
12 constructive notice that the physical configuration of the facilities including, but not limited to,
13 architectural barriers constituting the GOURMET GARDEN BUFFET and/or building(s) was in
14 violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is
15 not limited to, communications with invitees and guests, plaintiff IRMA RAMIREZ herself,
16 plaintiff DAREN HEATHERLY himself, owners of other restaurants, hotels, motels and
17 businesses, notices they obtained from governmental agencies upon modification, improvement,
18 or substantial repair of the subject premises and other properties owned by these defendants,
19 newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990
20 and other access laws, public service announcements by former U.S. Attorney General Janet Reno
21 between 1993 and 2000, and other similar information.  Defendants' failure, under state and
22 federal law, to make the GOURMET GARDEN BUFFET accessible is further evidence of
23 defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with
24 disabilities.  Despite being informed of such effect on plaintiff and other persons with physical
25 disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and
26 willfully refused to take any steps to rectify the situation and to provide full and equal access for
27 plaintiffs and other persons with physical disabilities to the buffet restaurant.  Said defendants,
28 and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  and other persons with physical disabilities, up to the date of filing of this complaint, and

2  continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred

3  to herein by virtue of the demand letter addressed to the defendants and served concurrently with

4  the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on

5  plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious

6  disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the

7  imposition of treble damages per Civil Code §§52 and 54.3.

8       47.       Plaintiff IRMA RAMIREZ, plaintiff DAREN HEATHERLY and plaintiff DREES,

9  on behalf of its membership and the disability community which it serves, consisting of persons

10  with disabilities, would, could and will return to the subject public accommodation when it is

11  made accessible to persons with disabilities.

12  **I.      FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
        ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

13  **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
        (On behalf of Plaintiffs IRMA RAMIREZ, DAREN HEATHERLY and DISABILITY

14  RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP
        OTHERS, a California public benefit corporation and Against Defendants PETALUMA

15  PROPERTIES, INC., a California corporation; LU YAO KAI and ZENG HUO,
        individuals dba GOURMET GARDEN BUFFET, inclusive)

16  (42 U.S.C. §12101, *et seq.*)

17       48.       Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

18  allegations contained in paragraphs 1 through 47 of this complaint.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    49.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

2  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

3  protect:

> some 43 million Americans with one or more physical or mental
> disabilities; [that] historically society has tended to isolate and
> segregate individuals with disabilities; [that] such forms of
> discrimination against individuals with disabilities continue to be a
> serious and pervasive social problem; [that] the nation's proper
> goals regarding individuals with disabilities are to assure equality of
> opportunity, full participation, independent living and economic
> self-sufficiency for such individuals; [and that] the continuing
> existence of unfair and unnecessary discrimination and prejudice
> denies people with disabilities the opportunity to compete on an
> equal basis and to pursue those opportunities for which our free
> society is justifiably famous.

10    50.    Congress stated as its purpose in passing the Americans with Disabilities Act of

11  1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive
> national mandate for the elimination of discrimination against
> individuals with disabilities; (2) to provide clear, strong, consistent,
> enforceable standards addressing discrimination against individuals
> with disabilities; (3) to ensure that the Federal government plays a
> central role in enforcing the standards established in this act on
> behalf of individuals with disabilities; and (4) to invoke the sweep
> of Congressional authority, including the power to enforce the 14th
> Amendment and to regulate commerce, in order to address the
> major areas of discrimination faced day to day by people with
> disabilities.

18    51.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

19  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

20  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public

21  accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -

> (B) a restaurant, bar or other establishment serving food or drink.

25    42 U.S.C. §12181(7)(B)

26    52.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

27  on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1  privileges, advantages, or accommodations of any place of public accommodation by any person

2  who owns, leases, or leases to, or operates a place of public accommodation."

3        53.      The specific prohibitions against discrimination set forth in §302(b)(2)(a),

4  42 U.S.C. §12182(b)(2)(a) are:

5              (I)     the imposition or application of eligibility criteria
               that screen out or tend to screen out an individual with a disability
6              or any class of individuals with disabilities from fully and equally
               enjoying any goods, services, facilities, privileges, advantages, or
7              accommodations, unless such criteria can be shown to be necessary
               for the provision of the goods, services, facilities, privileges,
8              advantages, or accommodations being offered;

9              (ii)     a failure to make reasonable modifications in
               policies, practices, or procedures, when such modifications are
10             necessary to afford such goods, services, facilities, privileges,
               advantages or accommodations to individuals with disabilities,
11             unless the entity can demonstrate that making such modifications
               would fundamentally alter the nature of such goods, services,
12             facilities, privileges, advantages, or accommodations;

13             (iii)     a failure to take such steps as may be necessary to
               ensure that no individual with a disability is excluded, denied
14             services, segregated or otherwise treated differently than other
               individuals because of the absence of auxiliary aids and services,
15             unless the entity can demonstrate that taking such steps would
               fundamentally alter the nature of the good, service, facility,
16             privilege, advantage, or accommodation being offered or would
               result in an undue burden;
17
               (iv)     a failure to remove architectural barriers, and
18             communication barriers that are structural in nature, in existing
               facilities . . . where such removal is readily achievable; and
19
               (v)     where an entity can demonstrate that the removal of
20             a barrier under clause (iv) is not readily achievable, a failure to
               make such goods, services, facilities, privileges, advantages or
21             accommodations available through alternative methods if such
               methods are readily achievable.
22
   The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public
23
   Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective
24
   January 31, 1993, the standards of the ADA were also incorporated into California Civil Code
25
   §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.
26
   ///
27
   ///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

1        54.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was
2   at all times after January 26, 1992 "readily achievable" as to the subject building(s) of
3   GOURMET GARDEN BUFFET pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information
4   and belief, if the removal of all the barriers complained of herein together was not "readily
5   achievable," the removal of each individual barrier complained of herein was "readily
6   achievable."  On information and belief, defendants' failure to remove said barriers was likewise
7   due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182
8   (b)(2)(A)(i)and (ii).

9        55.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
10  accomplishable and able to be carried out without much difficulty or expense."  The statute
11  defines relative "expense" in part in relation to the total financial resources of the entities
12  involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that
13  plaintiffs complain of herein were and are "readily achievable" by the defendants under the
14  standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was
15  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
16  make the required services available through alternative methods which were readily achievable.

17       56.     On information and belief, construction work on, and modifications of, the subject
18  building(s) of GOURMET GARDEN BUFFET occurred after the compliance date for the
19  Americans with Disabilities Act, January 26, 1992, independently triggering access requirements
20  under Title III of the ADA.

21       57.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
22  *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
23  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the
24  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs
25  are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from
26  returning to or making use of the public facilities complained of herein so long as the premises
27  and defendants' policies bar full and equal use by persons with physical disabilities.
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1    58.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

2  disability to engage in a futile gesture if such person has actual notice that a person or

3  organization covered by this title does not intend to comply with its provisions". Pursuant to this

4  section, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY have not returned to

5  defendants' premises since on or about July 12, 2008, but on information and belief, alleges that

6  defendants have continued to violate the law and deny the rights of plaintiffs and of other persons

7  with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2),

8  "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter

9  facilities to make such facilities readily accessible to and usable by individuals with disabilities to

10  the extent required by this title".

11    59.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

12  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

13  the Americans with Disabilities Act of 1990, including but not limited to an order granting

14  injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being

15  deemed to be the prevailing party.

16    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

17  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS**
       **IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
18     (On Behalf of Plaintiffs IRMA RAMIREZ, DAREN HEATHERLY and DISABILITY
       RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP
19     OTHERS, a California public benefit corporation, and Against Defendants PETALUMA
       PROPERTIES, INC., a California corporation; LU YAO KAI and ZENG HUO,
20     individuals dba GOURMET GARDEN BUFFET, inclusive)
21     (California Civil Code §§54, 54.1, 54.3, *et seq.)*

22    60.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

23  allegations contained in paragraphs 1 through 59 of this complaint.

24  ///

25  ///

26  ///

27  ///

28  ///

61.    At all times relevant to this action, California Civil Code §54 has provided that

persons with physical disabilities are not to be discriminated against because of physical handicap

or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as
> the general public to full and free use of the streets, highways,
> sidewalks, walkways, public buildings, medical facilities, including
> hospitals, clinics, and physicians' offices, and other public places.

62.    California Civil Code §54.1 provides that persons with disabilities shall not be

denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full
> and equal access, as other members of the general public, to
> accommodations, advantages, facilities, medical facilities, including
> hospitals, clinics, and physicians' offices, and privileges of all
> common carriers, airplanes, motor vehicles, railroad trains,
> motorbuses, streetcars, boats, or any other public conveyances or
> modes of transportation (whether private, public, franchised,
> licensed, contracted, or otherwise provided), telephone facilities,
> adoption agencies, private schools, hotels, lodging places, places of
> public accommodation, amusement or resort, and other places to
> which the general public is invited, subject only to the conditions
> and limitations established by law, or state or federal regulation, and
> applicable alike to all persons.

Civil Code §54.1(a)(1)

63.    California Civil Code §54.1 further provides that a violation of the Americans with

Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-336) also
> constitutes a violation of this section, and nothing in this section
> shall be construed to limit the access of any person in violation of
> that act.

Civil Code §54.1(d)

64.    Plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY and the

membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights

have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil

Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and

willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and

54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants'

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  GOURMET GARDEN BUFFET. As a legal result, plaintiffs are entitled to seek damages

2  pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for

3  each day on which they visited or have been deterred from visiting the GOURMET GARDEN

4  BUFFET because of their knowledge and belief that the buffet is inaccessible to persons with

5  disabilities. California Civil Code §54.3(a) provides:

6            Any person or persons, firm or corporation, who denies or interferes
             with admittance to or enjoyment of the public facilities as specified
7            in Sections 54 and 54.1 or otherwise interferes with the rights of an
             individual with a disability under Sections 54, 54.1 and 54.2 is
8            liable for each offense for the actual damages and any amount as
             may be determined by a jury, or the court sitting without a jury, up
9            to a maximum of three times the amount of actual damages but in
             no case less than . . .one thousand dollars ($1,000) and . . .
10           attorney's fees as may be determined by the court in addition
             thereto, suffered by any person denied any of the rights provided in
11           Sections 54, 54.1 and 54.2.

12           Civil Code §54.3(a)

13        65.    On or about January 14, 2008, January 21, 2008, June 25, 2008 and July 12, 2008,

14  plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY suffered violations of Civil Code

15  §§54 and 54.1 in that plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each was

16  denied access to parking, men's restroom, women's restroom and other public facilities as stated

17  herein at the GOURMET GARDEN BUFFET and on the basis that plaintiff IRMA RAMIREZ

18  and plaintiff DAREN HEATHERLY was a person with physical disabilities.

19        66.    As a result of the denial of equal access to defendants' facilities due to the acts and

20  omissions of defendants, and each of them, in owning, operating and maintaining these subject

21  public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

22  rights under Civil Code §§54, 54.1 and 54.3, and plaintiff IRMA RAMIREZ and plaintiff

23  DAREN HEATHERLY suffered physical discomfort, bodily injury on or about January 14, 2008,

24  January 21, 2008 and June 25, 2008, including but not limited to, fatigue, stress, strain and pain in

25  wheeling and attempting to and/or transferring up, on, down, to, over, around and through

26  architectural barriers. Specifically, as a legal result of defendants negligence in the design,

27  construction and maintenance of the existing disabled water closet stall(s) in the respective men's

28  and women's restroom, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY each

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1   suffered continuous, repetitive and cumulative trauma to his/her upper extremities while
2   attempting to transfer to the toilet.

3        67.    Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY suffered
4   mental distress, mental suffering, mental anguish, which includes shame, humiliation,
5   embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and
6   naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's
7   damages as hereinafter stated.  Defendants' actions and omissions to act constituted
8   discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that
9   represents persons with physical disabilities and unable, because of the architectural barriers
10  created and maintained by the defendants in violation of the subject laws, to use the public
11  facilities hereinabove described on a full and equal basis as other persons.

12       68.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct
13  and seeks the relief that is afforded by Civil Code §§54 and 54.1 and 54.3 for violation of
14  plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or
15  about January 14, 2008, January 21, 2008, June 25, 2008 and July 12, 2008, and on a continuing
16  basis since then, including statutory damages, a trebling of all of actual damages, general and
17  special damages available pursuant to §54.3 of the Civil Code according to proof.

18       69.    As a result of defendants', and each of their, acts and omissions in this regard,
19  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
20  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical
21  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to
22  the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all
23  reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,
24  plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also
25  to compel the defendants to make their facilities accessible to all members of the public with
26  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
27  the provisions of §1021.5 of the Code of Civil Procedure.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2 **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
   **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
3    (On Behalf of Plaintiffs IRMA RAMIREZ, DAREN HEATHERLY and DISABILITY
   RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP
4    OTHERS, a California public benefit corporation and Against Defendants PETALUMA
   PROPERTIES, INC., a California corporation; LU YAO KAI and ZENG HUO,
5    individuals dba GOURMET GARDEN BUFFET, inclusive)
   (Health & Safety Code §19955, *et seq.*)
6

7    70.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

8 allegations contained in paragraphs 1 through 69 of this complaint.

9    71.    Health & Safety Code §19955 provides in pertinent part:

10        The purpose of this part is to insure that public accommodations or
         facilities constructed in this state with private funds adhere to the
11        provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
         of Title 1 of the Government Code. For the purposes of this part
12        "public accommodation or facilities" means a building, structure,
         facility, complex, or improved area which is used by the general
13        public and shall include auditoriums, hospitals, theaters, restaurants,
         hotels, motels, stadiums, and convention centers. When sanitary
14        facilities are made available for the public, clients or employees in
         such accommodations or facilities, they shall be made available for
15        the handicapped.

16    72.    Health & Safety Code §19956, which appears in the same chapter as §19955,

17 provides in pertinent part, "accommodations constructed in this state shall conform to the

18 provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

19 Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

20 public accommodations constructed or altered after that date. On information and belief, portions

21 of the GOURMET GARDEN BUFFET and/or of the building(s) were constructed and/or altered

22 after July 1, 1970, and substantial portions of the buffet restaurant and/or the building(s) had

23 alterations, structural repairs, and/or additions made to such public accommodations after July 1,

24 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part

25 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or

26 additions per Health & Safety Code §19959.

27    73.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

28 Architect promulgated regulations for the enforcement of these provisions.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California
2   State Architect's Regulations and these regulations must be complied with as to any alterations
3   and/or modifications of GOURMET GARDEN BUFFET and/or the building(s) occurring after
4   that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access
5   requirements pursuant to the "ASA" requirements, the American Standards Association
6   Specifications, A117.1-1961. On information and belief, at the time of the construction and
7   modification of said building, all buildings and facilities covered were required to conform to
8   each of the standards and specifications described in the American Standards Association
9   Specifications and/or those contained in Title 24 of the California Building Standards Code.

10   74.   Restaurants such as the GOURMET GARDEN BUFFET are "public
11   accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

12   75.   As a result of the actions and failure to act of defendants, and as a result of the
13   failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were
14   denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'
15   civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to
16   public facilities.

17   76.   Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
18   plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
19   plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with
20   physical disabilities and prohibiting discrimination against the persons with physical disabilities,
21   and to take such action both in plaintiffs' own interests and in order to enforce an important right
22   affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all
23   reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
24   §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953
25   and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and
26   litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).
27   Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.
28   ///

77.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs IRMA RAMIREZ, DAREN HEATHERLY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants PETALUMA PROPERTIES, INC., a California corporation; LU YAO KAI and ZENG HUO, individuals dba GOURMET GARDEN BUFFET, inclusive)
(Civil Code §51, 51.5)

78.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 77 of this complaint.

79.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

1

2

> A violation of the right of any individual under the
> Americans with Disabilities Act of 1990 (Public Law 101-336) shall
> also constitute a violation of this section.

3   As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

4   "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

5   failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

6   failing to act to identify and remove barriers can be construed as a "negligent per se" act of

7   defendants, and each of them.

8       80.    The acts and omissions of defendants stated herein are discriminatory in nature and

9   in violation of Civil Code §51.5:

10
> No business establishment of any kind whatsoever shall
> discriminate against, boycott or blacklist, refuse to buy from, sell to,

11
> or trade with any person in this state because of the race, creed,
> religion, color, national origin, sex, or **disability** of the person or of

12
> the person's partners, members, stockholders, directors, officers,
> managers, superintendents, agents, employees, business associates,

13
> suppliers, or customers.

14
> As used in this section, "person" includes any person, firm
> association, organization, partnership, business trust, corporation,

15
> limited liability company, or company.

16
> Nothing in this section shall be construed to require any
> construction, alteration, repair, structural or otherwise, or

17
> modification of any sort whatsoever, beyond that construction,
> alteration, repair or modification that is otherwise required by other

18
> provisions of law, to any new or existing establishment, facility,
> building, improvement, or any other structure . . . nor shall anything

19
> in this section be construed to augment, restrict or alter in any way
> the authority of the State Architect to require construction,

20
> alteration, repair, or modifications that the State Architect otherwise
> possesses pursuant to other laws.

21
        81.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal

22
accommodations, advantages, facilities, privileges and services in a business establishment, on the

23
basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.

24
Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the

25
right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)

26
shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of

27
///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  their above cause of action for violation of the Americans with Disabilities Act at §48, *et seq*., as
2  if repled herein.

3      82.     As a legal result of the violation of plaintiff IRMA RAMIREZ's and plaintiff
4  DAREN HEATHERLY's  civil rights as hereinabove described, plaintiff IRMA RAMIREZ and
5  plaintiff DAREN HEATHERLY each has suffered general damages, bodily injury on or about
6  January 14, 2008, January 21, 2008 and June 25, 2008, including but not limited to, fatigue, stress,
7  strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around
8  and through architectural barriers.  Specifically, as a legal result of defendants negligence in the
9  design, construction and maintenance of the existing restroom stall(s) as stated herein, plaintiff
10 IRMA RAMIREZ and plaintiff DAREN HEATHERLY suffered continuous, repetitive and
11 cumulative trauma to his/her upper extremities while attempting to transfer to their respective
12 toilets in the men's and women's restroom.

13     83.     Further, plaintiff IRMA RAMIREZ and plaintiff DAREN HEATHERLY suffered
14 physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred
15 reasonable attorneys' fees and costs).  Plaintiffs IRMA RAMIREZ, DAREN HEATHERLY and
16 DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of
17 actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as
18 well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if
19 deemed to be the prevailing party.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  **PRAYER:**

2      Plaintiffs pray that this court award damages and provide relief as follows:

3  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
          PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
4        DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
        (On Behalf of Plaintiffs IRMA RAMIREZ, DAREN HEATHERLY and DISABILITY
5        RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP
        OTHERS, a California public benefit corporation, and Against Defendants PETALUMA
6        PROPERTIES, INC., a California corporation; LU YAO KAI and ZENG HUO,
        individuals dba GOURMET GARDEN BUFFET, inclusive)
7        (42 U.S.C. §12101, *et seq.*)

8      1.      For injunctive relief, compelling defendants PETALUMA PROPERTIES, INC., a

9  California corporation; LU YAO KAI and ZENG HUO,  individuals dba GOURMET GARDEN

10  BUFFET, inclusive, to make the GOURMET GARDEN BUFFET, located at 100 McDowell

11  Boulevard, Petaluma, California, readily accessible to and usable by individuals with disabilities,

12  per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice,

13  eligibility criteria and procedures so as to afford full access to the goods, services, facilities,

14  privileges, advantages and accommodations being offered.

15      2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

16  the prevailing party; and

17      3.      For such other and further relief as the court may deem proper.

18  **II.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND
19        EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1
          AND 54.3, *ET SEO.***
        (On Behalf of Plaintiffs IRMA RAMIREZ, DAREN HEATHERLY and DISABILITY
20        RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP
        OTHERS, a California public benefit corporation, and Against Defendants PETALUMA
21        PROPERTIES, INC., a California corporation; LU YAO KAI and ZENG HUO,
        individuals dba GOURMET GARDEN BUFFET, inclusive)
22        (California Civil Code §§54, 54.1, 54.3, *et seq.*)

23      1.      For injunctive relief, compelling defendants PETALUMA PROPERTIES, INC., a

24  California corporation; LU YAO KAI and ZENG HUO,  individuals dba GOURMET GARDEN

25  BUFFET, inclusive, to make the GOURMET GARDEN BUFFET, located at 100 McDowell

26  Boulevard, Petaluma, California, readily accessible to and usable by individuals with disabilities,

27  per state law.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.      Treble damages pursuant to Civil Code §54.3;

5.      For all costs of suit;

6.      Prejudgment interest pursuant to Civil Code §3291;

7.      Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEO.***
(On Behalf of Plaintiffs IRMA RAMIREZ, DAREN HEATHERLY, and Against Defendants PETALUMA PROPERTIES, INC., a California corporation; LU YAO KAI and ZENG HUO, individuals dba GOURMET GARDEN BUFFET, inclusive), (California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.      General and compensatory damages according to proof.

**IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEO.***
(On Behalf of Plaintiffs IRMA RAMIREZ, DAREN HEATHERLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants PETALUMA PROPERTIES, INC., a California corporation; LU YAO KAI and ZENG HUO, individuals dba GOURMET GARDEN BUFFET, inclusive) (Health & Safety code §19955, *et seq.*)

1.      For injunctive relief, compelling defendants PETALUMA PROPERTIES, INC., a California corporation; LU YAO KAI and ZENG HUO, individuals dba GOURMET GARDEN BUFFET, inclusive, to make the GOURMET GARDEN BUFFET, located at 100 McDowell Boulevard, Petaluma, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.      For all costs of suit;

4.      For prejudgment interest pursuant to Civil Code §3291;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5. Such other and further relief as the court may deem just and proper.

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs IRMA RAMIREZ, DAREN HEATHERLY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants PETALUMA PROPERTIES, INC., a California corporation; LU YAO KAI and ZENG HUO, individuals dba GOURMET GARDEN BUFFET, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1. All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2. Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3. Treble damages pursuant to Civil Code §52(a);

4. For all costs of suit;

5. Prejudgment interest pursuant to Civil Code §3291; and

6. Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
2  **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
3  (On Behalf of Plaintiff IRMA RAMIREZ, Plaintiff DAREN HEATHERLY, and Against Defendants PETALUMA PROPERTIES, INC., a California corporation; LU YAO KAI
4  and ZENG HUO, individuals dba GOURMET GARDEN BUFFET, inclusive) (California Civil Code §§51, 51.5, *et seq.*)

5     1.    General and compensatory damages to plaintiffs IRMA RAMIREZ and
6  DAREN HEATHERLY according to proof.
7

8  Dated: _7/b/08_ , 2008     THOMAS E. FRANKOVICH
9                             *A PROFESSIONAL LAW CORPORATION*
10
11                     By:
                           THOMAS E. FRANKOVICH
12                         Attorneys for Plaintiffs IRMA RAMIREZ, DAREN HEATHERLY
                           and DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
13                         SERVICES:HELPING YOU HELP OTHERS, a California public
                           benefit corporation
14

15               **DEMAND FOR JURY TRIAL**
16     Plaintiffs hereby demand a jury for all claims for which a jury is permitted.
17  Dated: _7/b/08_ , 2008     THOMAS E. FRANKOVICH
18                             *A PROFESSIONAL LAW CORPORATION*
19
20                     By:
                           THOMAS E. FRANKOVICH
21                         Attorneys for Plaintiffs IRMA RAMIREZ, DAREN HEATHERLY
                           and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
22                         SERVICES:HELPING YOU HELP OTHERS, a California public
                           benefit corporation
23
24
25
26
27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
                                                        29

Legal Tabs Co. 1-800-322-3022

Recycled    Stock # R DOA-10-B

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

May 28, 2008

Manager
Gourmet Garden
100 McDowell Blvd.
Petaluma, CA 94954

Dear Manager of Gourmet Garden:

My husband and I are wheelchair users. Because we use wheelchairs, it can be difficult to use restrooms that are not easy to use.

We've been to Gourmet Garden on a couple of occasions and have used the restrooms. The restrooms at Gourmet Garden have the old-fashioned stalls for the disabled. They're too narrow, too short, too little and the grab bars are awkward because of this. So, the problem is your restrooms aren't really usable. We like the place and will probably come back before you can fix.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Gourmet Garden once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046. You can also get a hold of them at 1-800-949-4232 (V/TTY) or (510) 285-5600 (V/TTY). Their website is www.pacdbtac.org. You can also get ADA Regulations and Technical Assistance Materials by calling 1-800-514-0301 or go to www.usdoj.gov/crt/ada/adahom1.htm. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Irma Ramirez

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

May 28, 2008

Owner of Building
Gourmet Garden
100 McDowell Blvd.
Petaluma, CA 94954

Dear Owner of Building for Gourmet Garden:

My husband and I are wheelchair users. Because we use wheelchairs, it can be difficult to use restrooms that are not easy to use.

We've been to Gourmet Garden on a couple of occasions and have used the restrooms. The restrooms at Gourmet Garden have the old-fashioned stalls for the disabled. They're too narrow, too short, too little and the grab bars are awkward because of this. So, the problem is your restrooms aren't really usable. We like the place and will probably come back before you can fix.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Gourmet Garden once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center. You can write to them at Pacific Disability and Business Technical Assistance Center, 555 12th Street, Suite 1030, Oakland, CA 94607-4046. You can also get a hold of them at 1-800-949-4232 (V/TTY) or (510) 285-5600 (V/TTY). Their website is www.pacdbtac.org. You can also get ADA Regulations and Technical Assistance Materials by calling 1-800-514-0301 or go to www.usdoj.gov/crt/ada/adahom1.htm. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.

You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Irma Ramirez